# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER RODRIGUEZ, | : | Civil No. 3:14-cv-139 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| VINCENT MOONEY, et al., | : | |
| Respondents | : | |

## MEMORANDUM

Petitioner, Javier Rodriguez ("Rodriguez"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole (the "Board"). (*Id.*). The petition is ripe for consideration and, for the reasons that follow, the Court will deny the petition.

## I. Background

On May 18, 2007, Rodriguez was sentenced in the Court of Common Pleas for Berks County to a total term of five (5) years to fifteen (15) years of incarceration after being convicted of burglary, robbery with serious bodily injury, conspiracy to commit burglary, and persons not to possess firearms. (Doc. 8-1, pp. 2-4, Sentence Status Summary). The conviction relates to an incident on November 29, 2004, when Rodriguez broke into an apartment with two other males, armed with handguns, and assaulted multiple individuals. (Doc. 8-1, p. 6, Affidavit of Probable Cause). Rodriguez submitted his own version of events and denied that he was involved in the robbery. (Doc. 8-1, p. 8, Offender Version).

The Pennsylvania Department of Corrections calculated Rodriguez's minimum sentence expiration date to be May 5, 2010 and his maximum sentence date as May 5, 2020. (Doc. 8-1, p. 2).

On November 14, 2013, the Board denied Rodriguez parole for the following reasons: (1) Rodriguez's risk and needs assessment indicates his level of risk to the community; (2) reports, evaluations and assessments/level of risk indicates his risk to the community; and (3) Rodriguez's lack of remorse for the offenses committed. (Doc. 8-1, p. 10, Notice of Board Decision dated November 14, 2013). The Board's decision also provided that Rodriguez would be reviewed again in or after August 2015, at which time the Board would consider whether Rodriguez maintained a favorable recommendation for parole from the Department of Corrections, and whether Rodriguez maintained a clear conduct record. (*Id.*).

Subsequent to the filing of the instant federal habeas petition, Rodriguez was again denied parole. (Doc. 21, p. 4, Notice of Board Decision dated September 8, 2015). On September 8, 2015, the Board denied Rodriguez parole for the following reasons: (1) Rodriguez's risk and needs assessment indicates his level of risk to the community; (2) reports, evaluations and assessments/level of risk indicates his risk to the community; (3) his minimization of the nature and circumstances of the offenses committed; and, (4) his lack of remorse for the offenses committed. (*Id.*). The Board's decision also provided that

2

Rodriguez would be reviewed again in or after August 2016, at which time the Board would consider whether Rodriguez maintained a favorable recommendation for parole from the Department of Corrections, and whether Rodriguez maintained a clear conduct record. (*Id.*).

## II. Discussion

Rodriguez claims that the Board's November 14, 2013 decision denying him parole violated the Ex Post Facto Clause of the Fourteenth Amendment. (Doc. 1). He further claims that the Board violated the Due Process Clause by denying him parole in an arbitrary and capricious manner, and violated the Equal Protection Clause of the Fourteenth Amendment by denying him parole pursuant to the Board's November 14, 2013 decision. (*Id.*).

### A. Exhaustion of Ex Post Facto Claim

A federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999). The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. *Id.*; *Barnhart v. Kyler*, 318 F. Supp. 2d 250, 256 (M.D. Pa. 2004). All claims must have been fairly presented to each level of the state courts. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). The habeas petitioner

bears the burden of proving exhaustion of all available state remedies. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

The failure of a petitioner to "fairly present" federal claims in state court bars the consideration of those claims in federal court by means of habeas corpus because they have been procedurally defaulted. *Cristin v. Brennan*, 281 F.3d 404, 410 (3d Cir.), *cert. denied*, 537 U.S. 897 (2002). The reason for this doctrine is that a habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Thus, "federal courts must ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e. whether he has fairly presented his claims to the state courts." *Cristin*, 281 F.3d at 410.

Respondents correctly assert that a state prisoner challenging the denial of parole on constitutional grounds, other than for violation of the Ex Post Facto Clause, is not required to exhaust state court remedies before pursuing federal habeas review. *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), *cert denied*, 545 U.S. 1149 (2005). However, an ex post facto claim is specifically cognizable in Pennsylvania state courts, by filing a petition for writ of mandamus in the Pennsylvania Commonwealth Court and then an appeal to the Pennsylvania Supreme Court. *See Defoy*, 393 F.3d 439. *See also Parker v. Kelchner*, 429

F.3d 58, 61 (3d Cir. 2005); *Coady v. Vaughn*, 251 F.3d 480, 489 (3d Cir. 2001); *Dodgson v. Pa. Dept. Of Corrections*, 922 A.2d 1023 (Pa. Cmwlth. 2007); *Evans v. Pa. Board of Probation and Parole*, 905 A.2d 595, 599 n.5 (Pa. Cmwlth. 2006) (stating, "while an [inmate] is not entitled to appellate review of a Board decision denying parole, he may be entitled to pursue allegations of constitutional violations against the Board through a writ of mandamus") (citation omitted).

In the instant action, Rodriguez concedes that he did not present any of his habeas claims, including his ex post facto claim, to the highest state court. (Doc. 1, p. 5) (stating that Rodriguez "did not pursue higher court for fear of another let-down"). Thus, Rodriguez failed to exhaust state judicial remedies with respect to his ex post facto claim. *See Trivitt v. Klem*, 2006 U.S. Dist. LEXIS 92810, *6 (M.D. Pa. 2006) (concluding that the state prisoner failed to exhaust his ex post facto challenge to the Board's parole decision because although he filed a mandamus petition, he did not appeal the Commonwealth Court's dismissal of his mandamus action). As Rodriguez failed to use the available state court remedy, he cannot now assert his ex post facto claim for the first time on federal habeas review. *See, e.g., Wareham v. Stowitzky*, 2007 WL 666692, *5 (E.D. Pa. 2007). *See also Favors v. Pa. Dept. of Corrections*, 2010 WL 5625908, *7 (M.D. Pa. 2010) ("[Petitioner's] failure to properly pursue his state remedies with respect to this parole board action now bars federal consideration of this claim."), *adopted by*, 2011 WL 208888 (M.D. Pa. 2011).

Moreover, Rodriguez's challenge to his November 14, 2013 parole denial is now time-barred under state law, as the time for filing a petition for review with the Commonwealth Court has expired. See Pa. R.A.P. 903(a) (stating that notice of appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken). A such, Rodriguez is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D. Pa. 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S. Ct. 396 (2001).

Rodriguez has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. *Cristin*, 281 F.3d at 412. Nor is there any indication that a failure to review his claim will result in a fundamental miscarriage of justice. Accordingly, Rodriguez's challenge to the decision of the Board must be rejected on the ground that he failed to pursue the issue in the state courts and has not established appropriate grounds for this Court to consider his claim in the first instance. Consequently, Rodriguez's ex post facto claim will be dismissed for failure to exhaust state court remedies.

### B. Denial on the Merits

Even though Rodriguez did not exhaust the available state court remedies, his petition must be denied on its merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

#### 1. Due Process

It is well-established that "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Nor does he have any right based on Pennsylvania law to parole release. *See Weaver v. Pennsylvania Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997) (finding that under

Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired). *See also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (parole is not a constitutionally protected liberty interest under Pennsylvania law); *Rauso v. Vaughn*, 79 F. Supp. 2d 550, 552 (E.D. Pa. 2000); *Rogers v. Pa. Bd. of Prob. & Parole*, 555 Pa. 285, 724 A.2d 319 (1999). While "states may under certain circumstances create liberty interests which are protected by the Due Process Clause," *Sandin v. Conner*, 515 U.S. 472 (1995), the Pennsylvania Supreme Court has long held that the denial of parole does not implicate a constitutionally protected liberty interest because parole is a discretionary matter, granted to a prisoner who has demonstrated the ability to function in society as a law-abiding citizen. *Coady*, 770 A.2d at 287; *Rogers*, 555 Pa. 285, 724 A.2d 319. Thus, an inmate has no right to parole.

Rodriguez also advances a substantive due process claim in that his right to parole has been violated. He contends that he was denied parole in retaliation for filing the instant habeas petition. (Doc. 21, p. 1). A federal court's review of a state parole board decision is limited to an abuse of discretion inquiry. *Block v. Potter*, 631 F.2d 233, 235 (3d Cir. 1980). Specifically, the state may not deny parole on unconstitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights. *Morrissey v. Brewer*, 408 U.S. 471 (1972). "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate

bounds of its discretion." *Block*, 631 F.2d at 237. The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." *Hunterson v. DiSabato*, 308 F.3d 236, 246-47 (3d Cir. 2002); *see also Evans v. Secretary, Pa. Dep't of Corrs.*, 645 F.3d 650, 659 (3d Cir. 2011).

Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole. *See* 61 Pa.C.S. § 6137. The law authorizes the Board, in its discretion, to consider various factors in granting or denying parole. *See* 61 Pa.C.S. § 6135.[1] Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g., Rogers*, 724 A.2d at

---

[1] (a) Duty to investigate. -- The board, on the commitment to a correctional facility of any person whom the board is given the power to parole under this chapter, shall consider:

(1) The nature and circumstances of the offense committed.
(2) Any recommendations made by the trial judge and prosecuting attorney.
(3) The general character and background of the inmate.
(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.
(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).
(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.
(7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 Pa.C.S. § 6135.

319; *Reider v. Commw. Pa. Bd. of Prob. & Parole*, 100 Pa. Cmwlth. 333, 514 A.2d 967, 971 (Pa. Cmwlth. Ct. 1986). "Federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487.

In the instant matter, the Board's rationale for denying parole was not the result of some arbitrary basis such as "race, religion, political beliefs, or . . . frivolous criteria with no rational relationship to the purpose of parole . . . ." *Block*, 631 F.2d at 235. The Board's November 2013 decision was based on its discretion in applying the legitimate factors established by the Pennsylvania Legislature, such as Rodriguez's risk and needs assessment indicating his level of risk to the community, the reports, evaluations and assessments indicating his level of risk to the community, and his lack of remorse for the offenses committed. (Doc. 8-1, p. 10, Notice of Board Decision dated November 14, 2013). Additionally, the Board's September 8, 2015 decision was also based on its discretion in applying the legitimate factors established by the Pennsylvania Legislature, such as Rodriguez's risk and needs assessment indicating his level of risk to the community, the reports, evaluations and assessments indicating his level of risk to the community, his minimization of the nature and circumstances of the offenses committed, and his lack of remorse for the offenses committed. (Doc. 21, p. 4, Notice of Board Decision dated September 8, 2015). Further, there is no evidence that supports Rodriguez's claim that the

denial of parole was in retaliation for filing this federal habeas petition. Notably, some of the Board's decisions denying parole were rendered before Rodriguez filed the instant habeas petition. Rodriguez has not demonstrated that any of the factors considered by the Board shock the conscience, or that such factors constitute behavior intended to injure him in a way that is not justified by any legitimate government interest. *See McGinnis v. Royster*, 410 U.S. 263, 277 (1973) (it is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole."); *Prevet v. Barone*, 428 F. App'x 218, 220 (3d Cir. 2011) (DOC's negative recommendation is a legitimate penological concern); *Gordon v. Wenerowicz*, 2011 WL 5509538, at *4 (M.D. Pa. Nov.10, 2011) (denying parole because petitioner poses a risk to the community is not "conscience shocking."). As such, Rodriguez failed to demonstrate that he is entitled to habeas corpus relief under the Due Process Clause and this claim will be denied.

### 2. Equal Protection

Finally, Rodriguez claims that the Board's denial of parole violates his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439

(1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection claim, a litigant must allege that: (1) he or she was a member of a protected class, (2) he or she was treated differently from similarly situated persons outside of his or her protected class, and (3) the resultant discrimination was purposeful or intentional rather than incidental. *Tillman v. Lebanon County Corr. Fac.*, 221 F.3d 410, 423-24 (3d Cir. 2000).

The petition does not allege that Rodriguez was treated differently from other similarly situated parole candidates. Instead, Rodriguez contends that he "does not have to show that he has been treated differently than similarly situated individuals." (Doc. 17, p. 8). However, in order to state a violation of equal protection, Rodriguez must allege that he was treated differently than similarly-situated persons. *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990) (a party must demonstrate that he "'received different treatment from that received by other individuals similarly situated'" in order to pursue an equal protection claim) (quoting *Kuhar v. Greensburg-Salem Sch. Dist.*, 616 F.2d 676, 677 n. 1 (3d Cir. 1980)). With respect to this issue, it is well-settled that prison inmates are not a suspect class. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001) (stating that prisoners are not a suspect class). Rodriguez has not identified any other similarly-situated individuals who the Board treated more favorably without a rational basis. Further, the Board's decisions denying parole listed reasons grounded in the Board's legitimate discretion, applying the legitimate factors established by the Pennsylvania Legislature.

Consequently, Rodriguez has not demonstrated that he is entitled to habeas corpus relief under the Equal Protection Clause and this claim will be denied.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a certificate of appealability.

## IV. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied. A separate Order shall issue.

Dated: September 28, 2017

Robert D. Mariani
United States District Judge